**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWAN K. INGRAM,<br><br>Plaintiff,<br><br>v.<br><br>OMAR MENDOZA, *et al.*,<br><br>Defendants. | Civil Action No. 21-17399 (MAS) (LHG)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Dawan K. Ingram's amended complaint. (ECF No. 4.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, this Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's amended complaint without prejudice in its entirety.

**I.     BACKGROUND**

Plaintiff is a convicted state prisoner currently confined in New Jersey State Prison. (Am. Compl., ECF No. 4 at 2-4.) In his current complaint, Plaintiff seeks to raise claims related to several instances in which items he ordered through the mail were confiscated. Specifically, Plaintiff avers that on December 15, 2016, he ordered a self-published book he had written, which

was returned to the sender. (*Id.* at 5.) On April 28, 2021,[1] a pamphlet Plaintiff ordered on building credit while in prison was "censored" and refused by Defendant Officer Young. (*Id.* at 5-6.) In June 2021, Plaintiff received a "blank" confiscation report, which indicated that items had been confiscated in April but did not specify who conducted the confiscation or why the items were confiscated. (*Id.* at 6.) On July 5, 2021, another unspecified piece of mail was confiscated out of Plaintiff's incoming mail by a John Doe Defendant. (*Id.*) Plaintiff filed grievances as to these two confiscations, and was informed by Defendants Mendoza and Sears in responses to those grievances that one of the two seized pieces of mail was denied as it had not been shipped from the point of sale, and the other had been denied because it was over the prison's weight limit for incoming materials. (*Id.* at 6.) Plaintiff was thereafter told on July 7, 2021, to put in a property form to the extent he wished to challenge the seizure or seek recompense for his confiscated items. (*Id.*). Although it is not clear, it appears that Plaintiff alleges in the amended complaint that on August 20, 2021, his request was reviewed and denied without his money being returned. (*Id.*)

Plaintiff also alleges that in August 2021, Defendant Mendoza "retaliated" against him by denying an incentive food package Plaintiff attempted to order after prison administration had placed limits on Plaintiff's ordering ability. (*Id.* at 9.) Plaintiff wrote an inquiry as to this issue, but Mendoza "intercepted" the filing in some unspecified way. (*Id.*)

**II.     LEGAL STANDARD**

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may

---

[1] Plaintiff alleges in his complaint that this confiscation occurred on "4-28-2016," but alleges he sent the payment for the item in question on "4-15-21," suggesting that the April 2016 date was a typo. (*Id.* at 5-6.) The Court therefore assumes for the sake of this Opinion that this confiscation occurred in April 2021, rather than April 2016.

2

be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in

3

conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his first series of claims, Plaintiff seeks to raise claims related to the confiscation of certain pieces of mail he had ordered. Although prisoners retain a liberty interest arising out of the First Amendment in receiving letters and other items through the mail, that interest compels prisons only to provide minimum procedural safeguards when confiscating a particular letter or other item. *Vogt v. Wetzel*, 8 F.4th 182, 186 (3d Cir. 2021). Thus, a prisoner whose liberty interest has been impugned through the confiscation or censorship of his personal, non-legal mail must be provided no more than notice of the confiscation or rejection of his mail and a reasonable opportunity to protest the decision for the confiscation to comport with Due Process. *Id.* As to the December 2016 instance, Plaintiff does not plead any facts regarding notice of the confiscation, although he was clearly made aware of it, nor does he allege he was denied an opportunity to challenge the denial. As to the two 2021 refusals, Plaintiff alleges he received notice of the April 2021 pamphlet being refused by the prison in June 2021. Although Plaintiff asserts that this form was "blank," Plaintiff's allegations indicate that he was made aware of the seizure of his pamphlet and that he knew what item was seized. Likewise, although Plaintiff alleges that an unknown staff member "confiscated" some unspecified piece of mail, he does not allege that he was never provided notice of the confiscation. Likewise, as to each of the two confiscations, Plaintiff was clearly provided with an opportunity to dispute the confiscation – both through prison grievances he filed in July 2021, and through a property claim he was told to file by prison staff on July 7, 2021. That those disputes were ultimately rejected by the prison is immaterial – Plaintiff has not clearly alleged that he was denied notice of the seizures – and it fully appears Plaintiff was made aware of them – and Plaintiff clearly was provided with an opportunity to dispute them. Plaintiff's

4

amended complaint thus clearly fails to set forth a plausible claim related to the confiscation of the two items.[2]

In an attempt to tie two supervisory Defendants, Defendants Mendoza and Sears, to his confiscation claims, Plaintiff alleges that they "permitted" the confiscations by denying prison grievances Plaintiff filed about the issue. As this Court previously informed Plaintiff, convicted prisoners do not have a federal constitutional right to an inmate grievance system, nor do they have any federal right to have their grievances addressed to the extent the state does adopt such a system. *See, e.g., Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n.4 (D.N.J. Feb. 16, 2012); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). That Defendants Sears and Mendoza denied Plaintiff's grievances does not amount to a constitutional violation in and of itself, and serves as no basis for relief, nor does responding to a grievance in and of itself amount to personal involvement in the confiscation sufficient to connect Mendoza and Sears to Plaintiff's confiscation related claims where Plaintiff fails to plead any facts

---

[2] Plaintiff's chief concern in his amended complaint appears to be the fact that his items were confiscated and he was not provided recompense for the seizure, a claim which would fall under procedural due process related to the impugning of his liberty interest or the seizure of his property. To the extent that Plaintiff also wished to raise a First Amendment claim regarding interference with his mail, the Court notes that a prisoner seeking to raise such a claim must generally allege a pattern or practice of interference with his mail, and isolated instances of mail interference will not support a constitutional claim. *Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012). Although Plaintiff references three instances in which items were confiscated, one such instance occurred five years before the others and Plaintiff does not allege any of the named Defendants were even involved in that incident. As to the two 2021 incidents, Plaintiff does not allege facts connecting the two and it appears that each instance involved entirely separate defendants, and the rejection of incoming mail items for entirely different reasons. The two incidents thus appear to be a pair of single isolated incidents, and do not appear to amount to a pattern or practice of interference with Plaintiff's mail. Any First Amendment claim Plaintiff wished to raise is thus dismissed without prejudice at this time.

suggesting Mendoza or Sears were involved in the decision to confiscate Plaintiff's materials. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (supervisor must have personal involvement in the alleged wrong in order to be held liable under § 1983, and a plaintiff may not raise a claim based on vicarious liability of supervisor for actions of subordinates); *Hennis v. Varner*, No. 12-646, 2014 WL 1317556, at *9 (W.D. Pa. Mar. 31, 2014) ("the mere fact that an official receives and reviews a letter or grievance appeal is insufficient to establish personal involvement").

In his final claim, Plaintiff alleges that Defendant Mendoza retaliated against him. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). In his amended complaint, Plaintiff pleads only that Mendoza "retaliated by completely denying an incentive food package." (ECF No. 4 at 9.) He does not plead facts connecting this alleged retaliation to any protected conduct or facts as to Mendoza's motives in denying the food order. Plaintiff thus has failed to plead a viable claim for retaliation under the First Amendment, and his final claim must once again be dismissed without prejudice. As the Court dismisses all of Plaintiff's claims without prejudice, Plaintiff's amended complaint is dismissed without prejudice in its entirety.

**IV.     CONCLUSION**

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE